No. 24880.

FRED PASTERNACK, D/B/A PASTERNACK'S LOAN OFFICE *v.*
JERRY SEIFERT AND DOROTHY SEIFERT.
(483 P.2d 956)

Decided April 19, 1971.

BRENMAN, CIANCIO, ROSSMAN & BAUM, NATHAN L. BAUM, for plaintiff in error.

ROBERT L. TOGNONI, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

JERRY and Dorothy Seifert brought an action in the Superior Court of Denver to recover damages for property which had been pledged to Pasternack's Loan Office, a Denver pawn shop, for a loan. They contended that Pasternack had wrongfully failed and refused to return the property to them. Trial was to the court and damages were awarded in the amount of $1744, which was the amount prayed for in the complaint. The amount of the loan and interest was credited against the award and judgment entered accordingly.

The Pasternack Loan Office had had several dealings with the Seiferts prior to the transaction in question. On September 8, 1965, Mrs. Seifert borrowed $150 against a diamond ring, a lady's watch, and a man's watch. On October 4, 1965, Mrs. Seifert made a second loan and pledged as security an automatic pistol, an engagement ring, and a man's watch. She received $125.

On March 17, 1966, notice of forfeiture was sent to the Seiferts pursuant to Denver ordinance. The property remained with Pasternack until May 16, 1966, when the loan company was robbed, and some of the Seifert's property pledged for the second loan was taken. On May 21 and 24, 1966, publication of the forfeiture was made in a Denver newspaper, again pursuant to Denver ordinances.

Mr. Seifert returned to the shop in early September

of 1966 to claim his property. He testified that he had $500 with him, which would have been enough to cover the amount due, including interest. Pasternack informed him that the items from the second pawn were stolen, except for the gun, and that the items from the first pawn had been taken to the First National Bank of Denver for safe keeping. Pasternack claims that Seifert said he would return the next morning for the goods. Instead, Seifert had a summons and complaint served. Both parties agree that Seifert never took his money out of his pocket to physically offer it to Pasternack.

■ Pasternack raises five allegations of error, but we need deal only with three: (1) That § 952.25, Revised Municipal Code of the City and County of Denver, provides for liability of a pawnbroker for loss due to theft only on a showing of a lack of reasonable care, which showing was not made here; (2) that the trial court erred in holding that there had been no forfeiture, or that if there had been a forfeiture, that it had been abandoned; and (3) that since the items from the first pawn and the gun from the second were always available upon tender of the amount due, they were not converted. We agree with Pasternack concerning allegation one, and therefore vacate the judgment. The remaining allegations of error will be discussed only to the extent they affect the remand here.

I.

§ 952.25, Revised Municipal Code of the City and County of Denver reads:

"*Liability for Pledged Property.* A licensee shall be liable for the loss of a pledge or part thereof or for injury thereto, whether caused by fire, theft, burglary, or otherwise, resulting from his failure to exercise reasonable care in regard to it; but he shall not be liable, in the absence of an express agreement to the contrary, for the loss of a pledge or part thereof or for injury thereto,

which could not have been avoided by the exercise of such care."

■ The language of the ordinance clearly requires a showing of lack of reasonable care on the part of the pawnbroker leading to the theft in order for there to be a recovery against him. This is also in accord with the common law. C.R.S. 1963, 139-58-15, does not change this liability in any way in respect to loss by theft. In this case, the complaint alleged no lack of reasonable care and no lack of reasonable care was proved. The findings of the trial court were to the effect that the ordinance placed on the pawnbroker absolute liability for loss by theft. In this the trial court was in error and its judgment must be reversed.

## II.

■ We do not, however, dismiss the case entirely because the evidence herein indicates some of the pledged items were not taken in the robbery. As to those items, the trial court found that there was no forfeiture, or if there had been, it had been abandoned. There is evidence in the record to support this finding. The defendants stated at the trial that they were always willing to return these items upon payment of the loan. We therefore remand the matter to the trial court to enable the plaintiffs to achieve the return of those items by payment of the loan with interest, if they wish to do so. Since the pledges were for separate loans, the Seiferts may, if they so choose, elect to pay only the first of the loans and receive in return the articles from that pledge.

The judgment is reversed and remanded for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.